UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BURRESS<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>SYNCHRONY BANK<br><br>　　　　Defendant(s).<br>_____ | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>)<br>)<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff James Burress ("Plaintiff" or "Burress") by and through his attorneys, and for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Synchrony Bank ("Synchrony") respectfully sets forth, complains and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.* The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, residing in the County of Fulton.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Georgia, and may be served with process upon CT Corporation System, its registered agent for service of process at 289 S. Culver St., Lawrenceville GA, 30046.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Synchrony Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 170 W Election Road, Ste 125, Draper, UT, 84020.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Synchrony Dispute and Violation

11. On information and belief, on a date better known to Defendant Experian Information Solutions Inc., hereinafter ("Experian"), Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate

3

information relating to Plaintiff's Synchrony/Crate&Barrel account (account 604588xxxxx).

12. The inaccurate information furnished by Defendant Synchrony and published by Experian is inaccurate since the account contains an incorrect date of status.

13. Specifically, the tradeline lists the date of status as April 2020. In point of fact, the account in question was charged off on or around December 2018, and no further activity has occurred on the account which would allow for the date of status to be updated.

14. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

15. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change.

16. Defendant Experian on its own improperly updated the activity status date, which falsely made the account appear as a more current liability, thereby directly lowering the directly Plaintiff's credit.

17. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around June 4, 2020.

19. It is believed and therefore averred that Experian notified Defendant Synchrony of the Plaintiff's dispute.

20. Upon receipt of the dispute of the account from the Plaintiff by Experian, Synchrony failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

21. Had Synchrony done a proper investigation it would have been revealed to Synchrony that the date of status was accelerated.

22. Furthermore, Defendant Synchrony failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

23. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

24. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

25. Had Experian done a reasonable investigation, it would have been revealed to Experian that the date of status had been improperly accelerated and directly caused the Plaintiff's credit score to drop.

26. Furthermore, Defendant Experian failed to send the Plaintiff a reply to his dispute, as required under the law.

27. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. As of the date of the filing of this Complaint, Defendant Synchrony continues to furnish credit data which is inaccurate and materially

misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

29. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered denial of credit and a decreased credit score due to the inaccurate information on Plaintiff's credit file.

## **FIRST CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Experian)**

30. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

32. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

33. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

34. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

35. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

36. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

37. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

40. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

42. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Synchrony)

44. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

47. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a

consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

48. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

49. The Defendant Synchrony violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

50. Specifically, the Defendant Synchrony verified and continued to report the account on the Plaintiff's credit report after being notified of his dispute regarding the improper date of status.

51. Additionally, Defendant Synchrony failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

52. As a result of the conduct, action and inaction of the Defendant Synchrony, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

53. The conduct, action and inaction of Defendant Synchrony was willful, rendering Defendant Synchrony liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Synchrony in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Synchrony for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Synchrony)**

55. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

57. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

58. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

59. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

60. Defendant Synchrony is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

61. After receiving the Dispute Notice from Experian, Defendant Synchrony negligently failed to conduct its reinvestigation in good faith.

62. A reasonable investigation would require a furnisher such as Defendant Synchrony to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

63. Had Defendant Synchrony done a reasonable investigation it would have found that the date of status was improper.

64. Additionally, Defendant Synchrony failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

65. The conduct, action and inaction of Defendant Synchrony was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

66. As a result of the conduct, action and inaction of the Defendant Synchrony, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Synchrony in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601n and 1681o.

WHEREFORE, Plaintiff, James Burress, an individual, demands judgment in his favor against Defendant Synchrony, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

**68.** Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    a. For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

    b. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

    c. For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

    d. For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

    e. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 25, 2020

Respectfully Submitted,

s/ Misty Oaks Paxton
By: Misty Oaks Paxton, Esq.
3315 Charleston Court
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*